O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ISRAEL DUENAS,<br><br>              Petitioner,<br><br>         v.<br><br>R. GODWIN, Warden,<br><br>              Respondent. | Case No. 2:21-cv-04873-CAS (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition in this case, and all relevant pleadings and other documents filed and lodged in this action, including the Report and Recommendation of United States Magistrate Judge (Dkt. 12, "Report"), and Petitioner's Objection to the Report (Dkt. 17, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of the matters to which objections have been stated.

      Petitioner's assertions and arguments have been reviewed carefully.  The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects or alters, or calls into question, the findings and analysis set forth in the Report or warrants staying this action.

      Petitioner raised four grounds in his petition: (1) insufficiency of the evidence to support the gang enhancement, (2) improper admission of testimonial

1  hearsay, (3) improper admission of significant gang evidence, and (4) sentencing
2  error.  See Report at 2.  The Report found that Ground Three is procedurally
3  barred, Ground Four is not cognizable, and Grounds One and Two should be
4  denied because "the state court's rejection of Grounds One and Two was
5  not contrary to and did not involve an unreasonable application of clearly
6  established Supreme Court law."  Id.

7      Petitioner's Objection did not take issue with any specific legal or factual
8  conclusions in the Report.  Rather, it stated that Petitioner "objects" to the Report,
9  and that Petitioner "will move the Court for an Order of Interlocutory Appeal."
10  Objection at 1.  The only issue raised in Petitioner's Objection is that Petitioner's
11  institution of confinement was experiencing a shortage of librarians, and that the
12  two available librarians could not "cover" all of the libraries at Petitioner's
13  institution.  Id. at 2.  Petitioner contends that, as a result, he was not "provide[d]
14  ample opportunity to conduct legal research for a proper response and defense."
15  Id.

16      The Court finds that Petitioner's Objection is without merit.  Petitioner fails
17  to explain how more librarians would have permitted him to further develop his
18  Objection, and does even identify what portions of the Report, if any, he would've
19  have objected to with additional librarian support.  Accordingly, the Court finds
20  and concludes that Petitioner's Objection is without merit.

21      Moreover, in a case where an inmate was denied library access on seven
22  days out of the twenty days allotted for filing objections to magistrate's
23  recommendation, the Ninth Circuit found that the petitioner's "vague and
24  unsubstantiated allegations that his 'ability to pursue this matter was impaired' and
25  that his objections to the R & R would have been somehow better if his library
26  access was not curtailed simply [did] not amount to a constitutionally cognizable
27  injury."  Grimes v. Small, 34 F. App'x 279, 281 (9th Cir. 2002).
28

The same is true here.  Petitioner's Objection does not address the Report's findings, and his vague claim regarding a lack support from prison librarians fails to state a constitutionally cognizable injury.  Accordingly, having completed its review, the Court accepts the findings and recommendations set forth in the Report.

In accordance with the foregoing, that the Petition is **DENIED,** and that Judgment be entered **DISMISSING** this action with prejudice.

Dated: July 15, 2022

　　　　　　　　　　　　　　　*Christine A. Snyder*
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　HONORABLE CHRISTINA A. SNYDER
　　　　　　　　　　　　　　　United States District Judge